UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DAWN OSBORNE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:21-cv-00117-LCB |
| | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| **COMMISSIONER,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

On January 26, 2021, Plaintiff Dawn Osborne filed a Complaint seeking judicial review of the Commissioner of the Social Security Administration's adverse action under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1). The Commissioner filed an Answer on June 1, 2021. (Doc. 9). Osborne filed a Brief in Support of her position on July 16, 2021, (Doc. 11), and the Commissioner filed a Response on August 16, 2021. (Doc. 12). Osborne did not file a Reply. The appeal has been fully briefed and is ripe for review. For the following reasons, the Commissioner's final decision is **AFFIRMED**.

## I. Background

Osborne filed an application for disability insurance benefits on January 8, 2018. (Tr. 145-151).[1] Her claim was denied on June 7, 2019. (Tr. 60-73). After her claim was denied, Osborne requested a hearing before an Administrative Law Judge. (Tr. 81-82). Her request was granted, and the hearing was held on August 13, 2020. Osborne was represented by counsel at her hearing. (Tr. 33-59). Rachel McDaniel, a Vocational Expert, testified at the hearing. (Tr. 53-58). The ALJ issued an adverse decision on Osborne's claim on September 4, 2020. (Tr. 14-26). Osborne then requested review of the ALJ's decision by the Social Security Appeals Council. The Appeals Council denied her request for review on November 25, 2020. (Tr. 1-4). This lawsuit followed.

## II. The ALJ's Analysis

The ALJ issued a written opinion explaining her decision following the hearing. (Tr. 14-26). In her decision, the ALJ followed the five-step evaluation process set out by the Social Security Administration. 20 C.F.R. § 416.920(a). In accordance with that standard, each step is followed sequentially and, if it's determined that the claimant is or is not disabled at a particular evaluative, the ALJ will not proceed to the next step.

---

[1] "Tr" denotes the page number assigned in the administrative record filed by the Commissioner on June 1, 2021. *See* (Docs. 9-3 to 9-14).

The first step of the five-step analysis requires the ALJ to determine whether the claimant is engaging in substantial gainful activity, which is defined as work involving significant physical or mental activities usually done for pay or profit. If a claimant is engaged in substantial gainful activity, she is not disabled, and the inquiry stops. Otherwise, the ALJ will proceed to step two. In the present case, the ALJ found that Osborne had not engaged in substantial gainful activity during the period from her alleged onset date of April 26, 2017. (Tr. 16). Accordingly, the ALJ moved to step two.

At step two, ALJs must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.920(c). An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id*. If a claimant does not have a severe impairment, she is not disabled, and the inquiry ends. The ALJ found that Osborne had the following severe impairments: "systemic lupus erythematosus (SLE), obstructive sleep apnea (OSA), and chronic pulmonary disease (COPD)." (Tr. 16). The ALJ found, however, that Osborne's hyperlipidemia, hypertension, anxiety, and depression were non-severe impairments because the objective medical evidence "did not show that the claimant experienced more than minimal limitations due to these impairments." (Tr. 16). Further, the ALJ found that

3

Osborne's fibromyalgia was a non-determinable impairment because the objective medical evidence did not establish that it was a determinable impairment. *Id.* at 17.

The third step of the analysis requires the ALJ to determine whether the claimant's impairments or a combination thereof meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I. If the claimant's impairment or impairments meet or equal a listed impairment, then the claimant is disabled, and the evaluation ends. If not, the ALJ proceeds to the next step. The ALJ found that Osborne's impairments did not meet or equal any of the listed criteria and, therefore, proceeded to step four. (Tr. 17).

Step four of the evaluation requires an ALJ to determine the claimant's residual functional capacity, and whether she has the RFC to perform the requirements of any past relevant work. 20 C.F.R. § 416.920(f). The term "past relevant work" means work performed within the last 15 years before the alleged date of onset. If a claimant has the RFC to perform past relevant work, she is not disabled, and the evaluation stops. Otherwise, the evaluation proceeds to the final step. The ALJ found that Osborne had the RFC to perform her pas work as a real estate agent. (Tr. 25). Therefore, the ALJ concluded Osborne was not disabled as defined by the Social Security Administration.

### III.   Standard of Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal citation and quotation marks omitted). "This limited review precludes deciding facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, while the Court must scrutinize the record as a whole, the Court must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV.   Osborne's Arguments

Osborne claims the ALJ's decision contains two instances of reversible error. (Doc. 11). First, Osborne argues that the ALJ did not afford her treating physician's medical opinion greater weight. Second, Osborne contends that the ALJ failed to properly evaluate her subjective complaints of pain and limitation under the Eleventh Circuit's Pain Standard.

### A. Osborne is not entitled to relief on her claim that the ALJ failed to give her treating physician's medical opinion greater weight.

Osborne's argument that the ALJ improperly discounted her treating physician's medical opinion is two-fold. First, and primarily, she asserts that the ALJ failed to articulate "good cause" for according less weight to her treating physician, Dr. Randall Beyl. The ALJ did not commit reversible error on this issue.

Osborne's argument fails largely because it is wholly reliant on outdated regulations and case law. Osborne did not file a Reply, but the Commissioner pointed out in its brief that the regulations found in 20 C.F.R. § 404.1520c control in Osborne's case. The current regulations ALJs follow to reach their decisions affirmatively disclaim any formal physician hierarchy. When analyzing a petitioner's claims, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Accordingly, the ALJ, by the regulations' binding terms, made no error by not affording Dr. Beyl's medical opinion more weight.

The ALJ found Dr. Beyl's opinion unpersuasive because it was on an issue reserved for the Commissioner. That is, Dr. Beyl's opinion was that Osborne is disabled, is a decision that the regulatory scheme reserves to the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3). Osborne does not address this issue in her brief and did not reply to the Commissioner's brief.

6

The binding regulations provide that "the evidence listed in . . . this section is inherently neither valuable nor persuasive to the issue of whether [the claimant is] disabled . . . [and] we will not provide any analysis about how we considered such evidence in our determination or decision". 20 C.F.R. § 1520b(c). Included in that list are medical opinions "that [the claimant [is or is] not disabled, blind, able to work, or able to perform regular or continuing work". 20 C.F.R. § 1520b(c)(3)(i). This Circuit's precedent is clear that when a proffered medical opinion states that a claimant is disabled or unable to work, the opinion is properly disregarded. *See Pate v. Comm'r, SSA*, 678 Fed. Appx. 833, 834 (11th Cir. 2017); *Romeo v. Comm'r of Soc. Sec.*, 686 Fed. Appx. 731, 733 (11th Cir. 2017).

In this case, Dr. Beyl's opinion stated that Osborne was "truly disabled from her moderate/severe inflammatory and degenerative arthritis." (Tr. 854). Osborne argues that opinion deserved greater weigh in the ALJ's analysis. (Doc. 11 at 7). But that opinion is a paradigmatic example of the kind of medical opinion that the regulations forbid ALJs from considering. That is, the regulations and this Circuit are clear that an ALJ cannot consider a medical opinion that a claimant is disabled or unable to work. *See* C.F.R. § 1520b(c); *Romeo*, 686 Fed. Appx at 733. Therefore, the ALJ did not err by refusing to give Dr. Beyl's opinion weight in her analysis.

Second, Osborne argues that the ALJ erred by finding agency medical consultant Dr. Maria Wellman's opinion persuasive. Specifically, Osborne asserts

that Dr. Wellman's opinion was worth no weight because Dr. Wellman did not have the entire record when she rendered her opinion. (Doc. 11 at 8-9).

The regulations direct how the ALJ evaluates medical opinions. An ALJ "will articulate how [they] considered the medical opinion(s) or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. § 404.1520c(b)(1). Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other facts that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c)(1)-(3). The regulations further explain that the most important factors in the analysis are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). And on review, all matters of weight are left to the ALJ. *Moore*, 405 F.3d at 1211. So, if there is substantial evidence in the record to support the ALJ's finding that a medical opinion was due weight under the factors provided in the regulations, the Court will not disturb the conclusion.

Here, the ALJ did not err by finding Dr. Wellman's opinion persuasive. The regulations do not require that an agency expert have access to the entire administrative record to render an opinion. Rather the regulations simply state that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources

8

in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ, after an exhaustive and thorough review of the objective medical evidence, determined that the record evidence well supported Dr. Wellman's opinion and gave the opinion weight in her analysis. (Tr. 18-25). Accordingly, the ALJ did not err in finding Dr. Wellman's opinion persuasive.

### B.    Osborne is not entitled to relief on her claim that the ALJ failed to properly evaluate the credibility of her subjective claims on limitation.

In sum, Osborne argues that the ALJ's decision to discount her subjective complaints of limitation due to her impairments was not adequately explained and unsupported by substantial evidence. Generally, when substantial evidence supports a finding discrediting a claimant's subjective testimony of pain, the court will affirm the ruling. *Belle v. Barnhart*, 129 Fed. Appx. 822, 826 (11th Cir. 2005).

The regulations provide that a claimant's statements about pain or limitations alone are not sufficient to establish disability. 20 C.F.R. § 404.1529(a). The ALJ should consider all record evidence, both objective and subjective, to determine the effect of subjective complaints on a claimant's ability to function. 20 C.F.R. § 404.1529. The Eleventh Circuit has similarly adopted a pain standard. The standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical

> condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). When evaluating the subjective testimony, "the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)).

First, it is important to note that the ALJ did not find that Osborne had no medical impairments. Rather, the ALJ reviewed Osborne's medical records and found that they supported a finding that Osborne suffered from several severe impairments. (Tr. 16). However, the ALJ, upon review of the entire record, found that the impairments were not as severe or limiting as Osborne had testified. In support of those findings, the ALJ cited numerous unremarkable objective medical records showing that Osborne was, by and large, normal. (Tr. 24). Further, the ALJ noted that for her COPD her symptoms were well controlled with medication, her lupus symptoms were managed with conservative treatment, and her obstructive sleep apnea was controlled with CPAP. *Id.*

Accordingly, the record contains sufficient evidence on which the ALJ based her finding that Osborne's subjective complaints regarding the severity of her symptoms were not credible. The records Thomason cites establish that she has medical conditions that would cause some amount of pain and discomfort. But those

records alone do not prove that her pain is so severe that it rises to the level of a disability. Therefore, the Court finds that substantial evidence supports the ALJ's determination that Osborne's subjective statements were inconsistent with the objective medical evidence.

## V.   Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. A final order will be entered separately.

**DONE** and **ORDERED** this February 7, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE